1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-03338-CRB
                                      )
21 This document relates to           )
                                      )  **PFIZER INC., PHARMACIA**
22 CARROLL STITH and LINDA STITH,     )  **CORPORATION, AND G.D.**
                                      )  **SEARLE LLC'S ANSWER TO**
                     Plaintiffs,      )  **COMPLAINT**
23                                    )
                                      )
24               vs.                  )  **JURY DEMAND ENDORSED**
                                      )  **HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION, )
   and G.D. SEARLE LLC, (FKA G.D. SEARLE & )
26 CO.),                              )
                                      )
27                   Defendants.      )
                                      )
28

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5  **I.**

6  **PRELIMINARY STATEMENT**

7  The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9  generally.   Defendants may seek leave to amend this Answer when discovery reveals the

10  specific time periods in which Plaintiff was prescribed and used Celebrex®.

11  **II.**

12  **ANSWER**

13  Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

15  that Plaintiffs are entitled to any relief or damages.   Defendants admit that, during certain

16  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

17  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18  accordance with their approval by the FDA.   Defendants admit that, during certain periods of

19  time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

20  marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

21  healthcare providers who are by law authorized to prescribe drugs in accordance with their

22  approval by the FDA.   Defendants state that Celebrex® was and is safe and effective when used

23  in accordance with its FDA-approved prescribing information.   Defendants state that the

24  potential effects of Celebrex® were and are adequately described in its FDA-approved

25  prescribing information, which was at all times adequate and comported with applicable

26  standards of care and law.   Defendants deny any wrongful conduct, deny that Celebrex® caused

27  Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

28  Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age, citizenship, and marital status, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   providers who are by law authorized to prescribe drugs in accordance with their approval by the

2   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3   5.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

5   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

7   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

8   Celebrex® in the United States to be prescribed by healthcare providers who are by law

9   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

10  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

11  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18  Celebrex® in the United States to be prescribed by healthcare providers who are by law

19  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

20  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

21  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

22  adequately described in its FDA-approved prescribing information, which was at all times

23  adequate and comported with applicable standards of care and law.  Defendants deny any

24  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25  7.      Defendants state that the allegations in this paragraph of the Complaint regarding

26  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny committing a tort in the State of Arkansas or the State of California and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Hawaii and California.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny committing a tort in the State of Hawaii, the State of Arkansas, or the State of California and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

3   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

4   Panel on Multidistrict Litigation on September 6, 2005.

5                                   **Response to Factual Allegations**

6   12.     Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

9   paragraph of the Complaint.

10  13.     Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

12  condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

13  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

14  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

15  adequately described in its FDA-approved prescribing information, which was at all times

16  adequate and comported with applicable standards of care and law.  Defendants deny that

17  Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this

18  paragraph of the Complaint.

19  14.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  15.     Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.    Answering the second Paragraph 16 of this Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is

deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Plaintiffs' Complaint omits Paragraph Number 21.

22.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

23.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   remaining allegations in this paragraph of the Complaint.

2   26.    Defendants state that the referenced article speaks for itself and respectfully refer the

3   Court to the article for its actual language and text.  Any attempt to characterize the article is

4   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6   this paragraph of the Complaint.

7   27.    Defendants state that the referenced article speaks for itself and respectfully refer the

8   Court to the article for its actual language and text.  Any attempt to characterize the article is

9   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

11  this paragraph of the Complaint.

12  28.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

13  the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

14  FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

15  used in accordance with its FDA-approved prescribing information.  Defendants state that the

16  potential effects of Celebrex® were and are adequately described in its FDA-approved

17  prescribing information, which was at all times adequate and comported with applicable

18  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

19  Complaint.

20  29.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

27  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

28  characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2000, was completed by the FDA. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Plaintiffs' Complaint omits Paragraph Number 32.

33.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

38.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

44.    Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  remaining allegations in this paragraph of the Complaint.

2  50.     Defendants state that the referenced article speaks for itself and respectfully refer the

3  Court to the article for its actual language and text.  Any attempt to characterize the article is

4  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5  51.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

6  Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

7  therefore lack sufficient information or knowledge to form a belief as to the truth of such

8  allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

9  themselves and respectfully refer the Court to the studies for their actual language and text.

10  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

11  this paragraph of the Complaint.

12  52.     Defendants state that the referenced Medical Officer Review speaks for itself and

13  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

14  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

15  allegations in this paragraph of the Complaint.

16  53.     Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

17  are not directed toward Defendants, and therefore no response is required.  To the extent that a

18  response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

19  this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

20  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

21  such allegations and, therefore, deny the same.  Defendants state that the referenced study

22  speaks for itself and respectfully refer the Court to the study for its actual language and text.

23  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in

24  this paragraph of the Complaint.

25  54.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

26  Complaint are not directed toward Defendants, and therefore no response is required.  To the

27  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

28  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

57.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants deny the allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

60.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

61.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

62.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  respectfully refer the Court to the letters for their actual language and text.  Any attempt to

2  characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

3  of the Complaint.

4  66.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

5  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

6  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

7  Defendants deny the remaining allegations in this paragraph of the Complaint.

8  67.    Defendants state that the referenced article speaks for itself and respectfully refer the

9  Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  68.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

12  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

13  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

20  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

21  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

23  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

24  United States to be prescribed by healthcare providers who are by law authorized to prescribe

25  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

26  allegations in this paragraph of the Complaint.

27  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

73.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

74.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

75.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.     Defendants deny the allegations in this paragraph of the Complaint.

77.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Complaint as if fully set forth herein.

86.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

89.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    <u>**Response to Second Cause of Action: Strict Liability**</u>

7    96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8    Complaint as if fully set forth herein.

9    97.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

12    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

13    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14    with their approval by the FDA.    Defendants admit that, during certain periods of time,

15    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

16    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

17    providers who are by law authorized to prescribe drugs in accordance with their approval by the

18    FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

19    consumers without substantial change from the time of sale.  Defendants deny the remaining

20    allegations in this paragraph of the Complaint.

21    98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Celebrex® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny the remaining allegations in this paragraph of the Complaint.

26    99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

3    remaining allegations in this paragraph of the Complaint.

4    100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information. Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

9    remaining allegations in this paragraph of the Complaint, including all subparts.

10   101.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information. Defendants

14   state that the potential effects of Celebrex® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

17   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

18   remaining allegations in this paragraph of the Complaint.

19   102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information. Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24   remaining allegations in this paragraph of the Complaint.

25   103.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

106. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2    effective when used in accordance with its FDA-approved prescribing information.  Defendants

3    state that the potential effects of Celebrex® were and are adequately described in its FDA-

4    approved prescribing information, which was at all times adequate and comported with

5    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6    remaining allegations in this paragraph of the Complaint.

7    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

10   damage, and deny the remaining allegations in this paragraph of the Complaint.

11   110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15              **Response to Third Cause of Action: Breach of Express Warranty**

16   112.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17   Complaint as if fully set forth herein.

18   113.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants admit that they provided FDA-approved

25   prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

26   this paragraph of the Complaint.

27   114.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

115. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding

ANSWER TO COMPLAINT – 3:07-cv-03338-CRB

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3   damage, and deny the remaining allegations in this paragraph of the Complaint.

4   120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5   damage, and deny the remaining allegations in this paragraph of the Complaint.

6   121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7   damage, and deny the remaining allegations in this paragraph of the Complaint.

8   122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9   damage, and deny the remaining allegations in this paragraph of the Complaint.

10   **Response to Fourth Cause of Action: Breach of Implied Warranty**

11   123.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12   Complaint as if fully set forth herein.

13   124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

15   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

16   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

17   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

18   Celebrex® in the United States to be prescribed by healthcare providers who are by law

19   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

20   the remaining allegations in this paragraph of the Complaint.

21   125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants admit that they provided FDA-approved prescribing information regarding

26   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27   126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny the remaining allegations in this paragraph of the Complaint.

4   127.    Defendants state that this paragraph of the Complaint contains legal contentions to

5   which no response is required.  To the extent that a response is deemed required, Defendants

6   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

7   approved prescribing information.  Defendants state that the potential effects of Celebrex®

8   were and are adequately described in its FDA-approved prescribing information, which was at

9   all times adequate and comported with applicable standards of care and law.  Defendants deny

10  any wrongful conduct, deny that they breached any warranty, and deny the remaining

11  allegations in this paragraph of the Complaint.

12  128.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

15  medication which is approved by the FDA for the following indications: (1) for relief of the

16  signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

17  arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

18  primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

19  adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

20  surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

21  signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  129.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26  effective when used in accordance with its FDA-approved prescribing information.  Defendants

27  state that the potential effects of Celebrex® were and are adequately described in its FDA-

28  approved prescribing information, which was at all times adequate and comported with

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-30-

ANSWER TO COMPLAINT – 3:07-cv-03338-CRB

applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

137.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which no response is required.  To the extent that a response is deemed required, Defendants

2    admit that they had duties as are imposed by law but deny having breached such duties.

3    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

4    FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    138.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information.  Defendants state that the potential effects of

11    Celebrex® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14    the Complaint, including all subparts.

15    139.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Celebrex® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20    the Complaint.

21    140.    Defendants are without knowledge or information sufficient to form a belief as to the

22    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24    effective when used in accordance with its FDA-approved prescribing information.  Defendants

25    state that the potential effects of Celebrex® were and are adequately described in its FDA-

26    approved prescribing information, which was at all times adequate and comported with

27    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

28    Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    141.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information. Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    142.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10    Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

11    effective when used in accordance with its FDA-approved prescribing information. Defendants

12    state that the potential effects of Celebrex® were and are adequately described in its FDA-

13    approved prescribing information, which was at all times adequate and comported with

14    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

15    remaining allegations in this paragraph of the Complaint.

16    143.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18    Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

19    effective when used in accordance with its FDA-approved prescribing information. Defendants

20    state that the potential effects of Celebrex® were and are adequately described in its FDA-

21    approved prescribing information, which was at all times adequate and comported with

22    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

23    remaining allegations in this paragraph of the Complaint.

24    144.    Defendants are without knowledge or information sufficient to form a belief as to the

25    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26    Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

27    effective when used in accordance with its FDA-approved prescribing information. Defendants

28    state that the potential effects of Celebrex® were and are adequately described in its FDA-

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

3   remaining allegations in this paragraph of the Complaint.

4   145.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6   Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information. Defendants

8   state that the potential effects of Celebrex® were and are adequately described in its FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

12  146.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information. Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  147.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information. Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28  148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    **Response to Sixth Cause of Action: Unjust Enrichment**

9    152.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10   Complaint as if fully set forth herein.

11   153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

13   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

14   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

15   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

16   Celebrex® in the United States to be prescribed by healthcare providers who are by law

17   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

18   the remaining allegations in this paragraph of the Complaint.

19   154.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

22   paragraph of the Complaint.

23   155.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

26   paragraph of the Complaint.

27   156.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

158.    Answering the second Paragraph 158 of this Complaint, Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

160.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

164.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint.

2    166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10   170.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

11   damage, and deny the remaining allegations in this paragraph of the Complaint.

12   171.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

13   damage, and deny the remaining allegations in this paragraph of the Complaint.

14   **Response to Eighth Cause of Action:  State Suppliers Liability Statute**

15   172.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

16   Complaint as if fully set forth herein.

17   173.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19   Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

20   time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

21   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

22   with their approval by the FDA.   Defendants admit that, during certain periods of time,

23   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

24   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

25   providers who are by law authorized to prescribe drugs in accordance with their approval by the

26   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

27   consumers without substantial change from the time of sale.  Defendants deny the remaining

28   allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

174.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

175.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

176.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

177.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    178.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

4    effective when used in accordance with its FDA-approved prescribing information.  Defendants

5    state that the potential effects of Celebrex® were and are adequately described in its FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

8    Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

9    remaining allegations in this paragraph of the Complaint.

10   179.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   180.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   181.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   the Complaint.

2   182.   Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information.  Defendants

6   state that the potential effects of Celebrex® were and are adequately described in its FDA-

7   approved prescribing information, which was at all times adequate and comported with

8   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

9   remaining allegations in this paragraph of the Complaint.

10  183.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  184.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  185.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  186.   Defendants state that this paragraph of the Complaint contains legal contentions to

17  which no response is required.  To the extent that a response is deemed required, Defendants

18  deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny

19  the remaining allegations in this paragraph of the Complaint.

20  187.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22            **Response to Ninth Cause of Action: Unjust Enrichment**

23  188.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24  Complaint as if fully set forth herein.

25  189.   Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  admit that they had duties as are imposed by law but deny having breached such duties.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    190.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

3    same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    191.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

11   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

16   damage, and deny the remaining allegations in this paragraph of the Complaint.

17   192.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

19   same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20   193.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

22   same.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   194.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

195.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

196.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

197.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

198.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

199.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

200.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

**IV.**

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**First Defense**

1.     The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.     Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.     At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.     Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.     Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

2   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

3   liable in any way.

4   **Ninth Defense**

5   9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

6   intervening causes for which Defendants cannot be liable.

7   **Tenth Defense**

8   10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were

9   proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

10  of God.

11  **Eleventh Defense**

12  11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

13  **Twelfth Defense**

14  12.    A manufacturer has no duty to warn patients or the general public of any risk,

15  contraindication, or adverse effect associated with the use of a prescription medical product.

16  Rather, the law requires that all such warnings and appropriate information be given to the

17  prescribing physician and the medical profession, which act as a "learned intermediary" in

18  determining the use of the product.  Celebrex® is a prescription medical product, available only

19  on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

20  treating and prescribing physicians.

21  **Thirteenth Defense**

22  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

23  time it left the control of the manufacturer or seller.

24  **Fourteenth Defense**

25  14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

26  for its intended use and the warnings and instructions accompanying Celebrex® at the time of

27  the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

28  usages.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-45-

**Fifteenth Defense**

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirtieth Defense

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, Article 2, § 8 of the Constitution of the State of Arkansas, and the Constitution of the State of California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United

States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Arkansas and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.   The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.   The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.   Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.   Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.   The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.   Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.   Any claim for punitive damages is also barred under California Civil Code § 3294(b).

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-eighth Defense**

58.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

**Fifty-ninth Defense**

59.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Sixtieth Defense**

60.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

**Sixty-first Defense**

61.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.



1    September 25, 2007                              GORDON & REES LLP

2

3                                                    By:_____/s/_____

4                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
                                                          Embarcadero Center West
5                                                         275 Battery Street, 20th Floor
                                                          San Francisco, CA 94111
6                                                         Telephone:  (415) 986-5900
                                                          Fax:  (415) 986-8054
7

8    September 25, 2007                              TUCKER ELLIS & WEST LLP

9

10                                                   By:_____/s/_____

11                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
12                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA 90071
13                                                        Telephone:  (213) 430-3400
                                                          Fax:  (213) 430-3409

14                                                        Attorneys for Defendants
15                                                        PFIZER INC, PHARMACIA
                                                          CORPORATION, and G.D. SEARLE
16                                                        LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  September 25, 2007                          GORDON & REES LLP

6

7                                             By:_____/s/_____

8                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
9                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
10                                              San Francisco, CA  94111
                                                Telephone:  (415) 986-5900
11                                              Fax:  (415) 986-8054

12  September 25, 2007                          TUCKER ELLIS & WEST LLP

13

14                                             By:_____/s/_____

15                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
16                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
17                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409

18                                              Attorneys for Defendants
19                                              PFIZER INC, PHARMACIA
                                                CORPORATION, and G.D. SEARLE
20                                              LLC

21

22

23

24

25

26

27

28

Gordon& Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111